# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANICE CHASTEN, Personal Representative for the Estate of Brian Abernathy, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-09-0509-HE |
| ERIC FRANKLIN, Warden, ET AL., | ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Janice Chasten, on behalf of the estate of Brian Abernathy, asserts claims under 42 U.S.C. § 1983 arising out of the death of Abernathy while he was in the custody of the Oklahoma Department of Corrections. The court previously granted plaintiff leave to file a third amended complaint adding a claim against Gail Lee and dropping a similar claim formerly asserted against Malenda Brooks.[1] Lee is alleged to be a classification officer who assigned Abernathy to the general population housing unit at the Oklahoma State Reformatory. Order [Doc. #57]. Defendant Lee, who is sued in her individual capacity, has moved to dismiss the claim against her pursuant to Fed. R. Civ. P. 12(b)(6),[2] arguing it is barred by the statute of limitations.

---

[1]*Defendant previously raised the limitations issue in response to plaintiff's request for leave to amend, but the court concluded the defense was not so obviously applicable as to make plaintiff's request futile.*

[2]*In determining whether a complaint should be dismissed for failure to state a claim, the question is whether, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).*

While a claim that an action is time-barred is an affirmative defense, the issue may be appropriately resolved on a motion to dismiss "'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" Lee v. Rocky Mountain UFCW Unions & Employers Trust Pension Plan, No. 92-1308, 13 F.3d 405, 1993 WL 482951, at *1 (10th Cir. Nov. 23, 1993) (quoting Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)). Further, "'[w]hen the dates given in the complaint' support dismissal on statute of limitations grounds, 'the plaintiff has the burden of establishing a factual basis for tolling the statute.'" Id.

The statute of limitations applicable to a § 1983 claim is based on the personal-injury statute of the state in which the district court sits. Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008). Oklahoma's general personal injury statute of limitations, and hence the limitations period applicable here, is two years. *See* Hill v. Oklahoma, 399 Fed. Appx. 388, 390 (10th Cir. 2010). A federal civil rights action "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Smith v. City of Enid by and through Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998) (quoting Baker v. Bd. of Regents, 991 F.2d 628, 632 (10th Cir. 1993)).

According to the complaint, defendant Lee failed to appropriately classify and segregate Abernathy from other prisoners, which allegedly resulted in his murder by members of the United Aryan Brotherhood. Lee's classification and assignment of Abernathy is alleged to have occurred on March 13, 2008. Plaintiff did not, however, attempt to add Lee as a defendant in this case until November 2010—well past the two-year

limitations period.

Plaintiff does not challenge, in general, the application of Oklahoma's two-year statute of limitations to these circumstances. Rather, she argues that the statute of limitations should be equitably tolled because defendants committed "false, fraudulent or misleading conduct or some affirmative act of concealment" tending to cause plaintiff to refrain from filing a timely claim against Lee. Plaintiff's Response [Doc. #71] (quoting Jarvis v. City of Stillwater, 732 P.2d 470, 472-73 (Okla. 1987)). Plaintiff relies on various matters outside the pleadings as the basis for her tolling argument, but these are not a proper basis for resolving a limitations defense in the present procedural posture of the case. *See* Jackson v. Integra Inc., 952 F.2d 1260, 1261 (10th Cir. 1991) ("When ruling on a Rule 12(b)(6) motion, the district court must examine only the plaintiff's complaint." If the court considers matters outside the complaint, "the court should treat the motion as one for summary judgment."). The court concludes it would be premature to attempt to resolve the limitations defense at this point via summary judgment, and that any basis for tolling should be set forth in plaintiff's complaint.

Defendant Gail Lee's motion to dismiss [Doc. #67] is therefore **GRANTED**. Plaintiff is granted leave to amend her complaint to set out any basis for equitable tolling or other avoidance of the limitations defense that she may have. The further-amended complaint shall be filed within **ten (10) days** from the date of this order.

**IT IS SO ORDERED**.

Dated this 9th day of May, 2011.

                                      JOE HEATON
                                      UNITED STATES DISTRICT JUDGE