**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JANICE CHASTEN, Personal Representative for the Estate of Brian Abernathy, | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-09-0509-HE |
| STATE OF OKLAHOMA *ex rel.* The Oklahoma Department of Corrections, ET AL., | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff filed this § 1983 action on May 14, 2009, alleging defendants violated Brian Abernathy's constitutional rights by failing to protect him from a known and substantial risk of serious harm. She alleges Abernathy was killed by members of the United Aryan Brotherhood—a white supremacist group—on March 13, 2008, while he was incarcerated at the Oklahoma State Reformatory ("OSR").

Plaintiff originally asserted claims against the Oklahoma Department of Corrections, several identified defendants, and ten John and Jane Does.[1] On March 11, 2010, she filed a Second Amended Complaint substituting Correction's employee Malenda Brooks for the Doe defendants.[2] On November 24, 2010, plaintiff filed a motion for leave to further amend and substitute Gail Lee for Brooks. Defendants objected on the basis that any claims against

---

[1]*Currently, Eric Franklin, Shaun Hubbard, Rhett Schuyler Bull, and Gail Lee are defendants in this case. Defendants Franklin, Hubbard, and Lee are represented by the Oklahoma Attorney General's ("OAG's") office.*

[2]*Malenda Brooks was represented by the OAG's office.*

Lee were barred by the applicable statute of limitations. The court permitted the amendment, noting that grounds for avoiding the application of the limitations defense potentially existed and that Lee would have the opportunity to raise the defense in due course. Order, January 6, 2011 [Doc. #57]. Plaintiff filed her Third Amended Complaint on January 13, 2011, asserting claims against Lee and dropping Brooks as a defendant. [Doc. #61]. Lee moved to dismiss on limitations grounds. The court granted the motion but gave plaintiff leave to amend. *See* Order, May 9, 2011 [Doc. #75]. On May 19, 2011, plaintiff filed her Fourth Amended Complaint alleging additional matters directed to the limitations defense. [Doc. #76]. Lee has now moved to dismiss or, alternatively, for summary judgment on the basis that the statute of limitations bars the plaintiff's claim against her.

**Summary Judgment Standard**

The Fourth Amended Complaint alleges facts which, if true, state one or more grounds for avoiding Lee's statute of limitations defense. As a result, the essential inquiry here is whether there is a basis for summary judgment on the limitations defense. The parties' submissions, for the most part, address the current motion in that vein. Summary judgment is appropriate only when the moving party demonstrates that no genuine dispute of material fact exists and that party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When a defendant moves for summary judgment on an affirmative defense, the defendant must show that there is no disputed fact concerning the asserted defense. Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997). If the plaintiff identifies specific, material facts in dispute, then summary judgment cannot be granted. *See id.* All inferences from the

evidence are to be viewed in the light most favorable to the plaintiff as the non-moving party. Mountain Highlands, LLC v. Hendricks, 616 F.3d 1167, 1169-70 (10th Cir. 2010).

**Discussion**

The statute of limitations applicable to a § 1983 claim is based on the personal injury statute of the state in which the district court sits. Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008). In Oklahoma, that period is two years from the date the claim accrues. Meade v. Grubbs, 841 F.2d 1512, 1524 (10th Cir. 1988). In the circumstances of this case, the limitations period expired on March 13, 2010, unless some basis for extending or avoiding that bar exists. Defendant Lee argues that the undisputed facts show the absence of any basis for avoiding the impact of the statute and that, as she was joined as defendant after March 13, 2010, judgment should therefore be entered in her favor. In particular, Lee argues the undisputed facts show there is no basis for "relation back" under Rule 15(c), or for equitable tolling of the time period. Plaintiff disputes that assertion and argues in addition that a basis for equitable estoppel is supported by the evidence.

***1. Relation back***

Rule 15(c)(1)(C) provides that an amendment changing a defendant relates back to the date of the original complaint if the claim against the new defendant arose out of the same transaction or occurrence as the claim in the original complaint, the new defendant had notice of the action such that its defense on the merits is not prejudiced, and the new defendant had reason to know that, but for a mistake as to the party's proper identity, it should have been included in the suit. Further, the defendant to be added must have had the requisite

knowledge within 120 days of the filing of the original complaint.[3]

Here, there is no dispute that the claim against Defendant Lee arose out of the same transaction or occurrence as the claim in the original complaint. And Lee has not produced any evidence suggesting that she lacked knowledge of the case or of the facts which indicated she was a potential defendant, nor do her assertions of undisputed fact even address those matters.[4] Rather, she argues only that the substitution of Lee is, in substance, the assertion of a new claim outside the scope of Rule 15(c)'s relation back provisions. She relies

---

[3]

*An amendment to a pleading relates back to the date of the original pleading when:*

> *(A) the law that provides the applicable statute of limitations allows relation back;*
>
> *(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set outor attempted to be set out--in the original pleading; or*
>
> *(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:*
>
> > *(i) received such notice of the action that it will not be prejudiced in defending on the merits; and*
> >
> > *(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.*

*Fed. R. Civ. P. 15(c)(1)(C).*

[4]*When the facts are undisputed, Rule 15(c) presents a purely legal question. Garrett v. Fleming, 362 F.3d 692, 695 (10th Cir. 2004). Here, however, there are no facts in the record concerning whether Lee did or did not have the knowledge required to satisfy Rule 15(c). Consequently, whether Defendant Lee had notice of the suit and should have known she was a proper defendant remain unresolved factual issues.*

on the rule from Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir. 2004), that a "plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of [Rule 15(c)(1)(C)(ii)]."

Garrett held that substituting a named defendant for a John Doe defendant after the statute of limitations expired did not allow for relation-back because there was no mistake of identity; instead, the plaintiff simply did not know who the correct party was. *Id.* at 696-97. Here, the circumstances are different. The Second Amended Complaint, which added Brooks as a named defendant and was filed within the limitations period, alleged that she was "the classification officer who assigned Abernathy to a general population unit . . . [Doc. #37, ¶ 10]. Later discovery indicated that Brooks was not the "classification" officer but that Lee was, prompting plaintiff's effort to substitute Lee. The circumstances thus involve a situation where plaintiff had a mistaken belief as to who the classification officer was, as opposed to simply not knowing at all. As a result, this was a mistake in the identity of the proper party and therefore within the scope of Rule 15(c)(1)(C)(ii).[5]

***2. Equitable tolling and estoppel***

In a § 1983 action, equitable doctrines of tolling and estoppel are governed by state law; however, federal courts can provide additional equitable relief in extraordinary circumstances. *See* Alexander v. Oklahoma, 382 F.3d 1206, 1216-17 & n.5 (10th Cir. 2004).

---

[5]*That plaintiff was mistaken as to the proper defendant's identity is also evidenced by a February 2, 2010, email from plaintiff's counsel to defense counsel stating that plaintiff intended to file suit against the person who classified Abernathy. [Doc. #76-4].*

Under Oklahoma law, a defendant is estopped from asserting a statute of limitations exists if defendant has engaged in "false, fraudulent or misleading" conduct which has prevented the plaintiff from bringing a timely suit. Jarvis v. City of Stillwater, 732 P.2d 470, 472-73 (Okla. 1987).

Defendant's primary argument against the application of equitable tolling or estoppel is that she did nothing to mislead plaintiff. The complained-of conduct is attributable to the original defendants and the Oklahoma Attorney General's office; the OAG did not yet represent Lee when the communications in question occurred. However, the concealing or misleading acts of one defendant can prevent a later-added defendant from raising the statute of limitations defense if those actions prevented the plaintiff from suing the correct party. *See, e.g.,* Travelers Indem. Co. v. United States ex rel. Construction Specialties Co., 382 F.2d 103, 106 (10th Cir. 1967) (allowing the silence of an original defendant to prevent the substituted defendant from asserting a statute of limitations defense when the original defendant knew it was not the proper party to be sued and it waited until after the limitations period expired to inform the plaintiff). And, the acts of an agent can prevent the agent's principal from asserting a statute of limitations defense. *E.g.* Hart v. Bridges, 591 P.2d 1172, 1173 (Okla. 1979). Consequently, any fraudulent, concealing, or misleading act by the OAG's office while it was representing the original defendants in this suit can prevent Defendant Lee from asserting the statute of limitations defense.

Viewing the evidence in the light most favorable to the plaintiff, there is a genuine dispute over whether the original defendants or the Oklahoma Attorney General's office

misled the plaintiff as to the identity of the person responsible for Abernathy's cell assignment. Plaintiff requested that Defendant Eric Franklin "[i]dentify each person at OSR responsible for assigning Brian Abernathy to a housing unit in March 2008." Interrogatory No. 5, Doc. #76-1. On October 9, 2009, Franklin answered "[t]he Oklahoma State Reformatory Records Department, per policy, is responsible for the random cell assignment." *Id.* Defendant Franklin supplemented this response on December 9, 2009 with the names of the individuals who worked in the records department. *See* Doc. #76-3, p.1.[6] Malenda Brooks was among the individuals identified; Gail Lee was not.

On February 4, 2010, plaintiff's counsel sent an email to defense counsel stating that plaintiff intended to file an amended complaint to add "the individuals who classified Abernathy at OSR." [Doc. #76-4]. On March 9, 2010—two days before plaintiff filed her Second Amended Complaint and four days before the limitations period expired—defense counsel sent an email to plaintiff's counsel identifying Malenda Brooks as "the individual who assigned Abernathy to his bed." [Doc. #76-5]. Plaintiff then filed her Second Amended Complaint on March 11, 2010 alleging that Malenda Brooks "was the classification officer who assigned Abernathy to a general population housing unit at OSR on March 13, 2008." [Doc. #37, ¶ 10].

Plaintiff's Interrogatory No. 5 can be understood as requesting the identity of all persons responsible for Brian Abernathy's cell assignment at OSR. This includes not only

[6] *The five individuals identified in the supplemental response were Vickie Wilkins, Evonna Young, Malenda Brooks, Nita Murley, and Shawn Hooper.*

the person who randomly assigned Abernathy to a cell in a general population unit, but also the person who classified Abernathy to live in a general population unit in the first place, and any other person involved in that entire process. Consequently, defendant's supplemental response excluding Gail Lee could have misled the plaintiff into believing Gail Lee was not responsible for Abernathy's cell assignment or classification at all.

Additionally, at least by the time of the February 4, 2010 email, defense counsel was aware that plaintiff intended to sue the person or persons responsible for classifying Abernathy. The defense should have at least suspected that plaintiff considered "assigning" and "classifying" as part of the same process. The email identifying Brooks as the assignment officer four days before the statute of limitations expired could have misled the plaintiff to believe that Brooks was the person responsible for the decision to place Abernathy in a general population unit.

***3. Reasonable diligence***

Defendant Lee also argues that equitable relief should be unavailable to the plaintiff because she was not diligent in pursuing her claim. In order to assert equitable estoppel, the plaintiff must have exercised reasonable diligence. Hillers v. Local Fed. Sav. & Loan Ass'n, 232 P.2d 626, 630 (Okla. 1951). Lee contends that the deposition of Matthew Scott McCarter and a Cell Assignment Form gave plaintiff notice that Gail Lee was a potential defendant in this case several months before the limitations period expired and that by failing to add Lee until after its expiration the plaintiff has failed to exercise reasonable diligence.

McCarter was asked in his deposition on August 27, 2009 whether he knew the

identity of the case manager in charge of assigning Abernathy to his unit and cell. He replied, "No. Gail Lee ran D2 Pod, so if she assigned him – it would be her who assigned him his house. Or it could have been a case manager or a unit manager. I would say it would be Gail Lee." [Doc. #89-1, pp. 52-53]. The Cell Assignment Form [Doc. #89-3] documents Abernathy's conduct and appears to be used in determining whether he should be allowed to house with other inmates. The form is dated January 9, 2002 and contains the following notation at the bottom of the page 2: "Gail Lee 3-12-08 NAR DUE 3-27-08."

This evidence does not establish as a matter of undisputed fact that plaintiff had notice that Gail Lee was a potential defendant in this case. McCarter's testimony is equivocal, and subsequent discovery identified Malenda Brooks (incorrectly) as the person responsible for Abernathy cell assignment. Additionally, the cell assignment form is ambiguous and dated over six years before the events underlying this suit. The bald reference to Lee suggests very little, if anything, concerning Lee's role in Abernathy's cell assignment. It cannot be said as a matter of law that plaintiff knew Lee was a potential defendant and failed to diligently pursue her claim against the defendant.

## Conclusion

Factual disputes exist as to whether the statute of limitations will bar plaintiff's claim against Lee. Whether defendant had the knowledge required to satisfy Fed. R. Civ. P. 15(c) is unresolved. Additionally, some evidence suggests the original defendants misled the plaintiff about the identity of the party responsible for Abernathy's cell assignment; and, consequently, that Lee should be prevented from asserting a limitations defense on equitable

grounds. Because of these material factual disputes, summary judgment based on the limitations defense is not warranted.

Defendant Lee's motion to dismiss or, in the alternative, for summary judgment [Doc. #89] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of September, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE